1274.002.1172

STATE OF MICHIGAN
IN 44TH JUDICIAL DISTRICT COURT

MICHIGAN CRNA'S STAFFING, LLC and
DETROIT ANESTHESIA GROUP, PLLC
(Trivly Dobbins)

        Plaintiffs,

v

        Case No. 19-014776C
        Hon: JAMES L. WITTENBERG

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

        Defendant.

_____/

KEVIN S. GREEN (P67515)
Bashore Green Law Group
Attorneys for Plaintiffs
17 South Saginaw Street
Pontiac, Michigan 48342
PH (586) 803-0500 / FX (586) 803-0501
e-Mail: kevin@bglawpc.com

## COMPLAINT

PURSUANT TO MCR 2.113 (2)(a), THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTIONS OR OCCURRENCES ALLEGED IN THE COMPLAINT

_____
Kevin S. Green (P67515)

Plaintiffs states:

1. Plaintiff, Michigan CRNA's Staffing, LLC, is a Michigan professional corporation licensed to conduct business under the laws of the State of Michigan and at all times pertinent herein was conducting business in the State of Michigan.

2. Plaintiff, Detroit Anesthesia Group, PLLC, is a Michigan professional corporation licensed to conduct business under the laws of the State of Michigan and at all times pertinent



EXHIBIT C

1274.002.1172

herein was conducting business in the State of Michigan.

3. Defendant, National Union Fire Insurance Company of Pittsburgh, PA is a corporation registered to do business in Michigan, conducts business on a systematic and continuous basis in Macomb, Oakland and Wayne County, Michigan.

4. Venue is proper pursuant to MCLA 600.1621, and jurisdiction is proper for the reason that the amount in controversy is less than $25,000, exclusive of costs and attorney fees.

5. Pursuant to MCL 600.2041, "every action shall be prosecuted in the name of the real party of interest."

6. All rights, privileges and remedies to payment for health care services, products or accommodations provided by Plaintiff to Trivly Dobbins (hereinafter "injured party") for which the injured party is or may be entitled to under MCL 500.3101, *et seq*, the No Fault Act, have been assigned to Plaintiffs, hereto attached as **Exhibit A**.

7. As a result of said assignment, Plaintiffs bear the burden of pursuit of payment for health care services, products or accommodations, provided by Plaintiffs to the injured party.

8. Pursuant to Insurance Bulletin 92-03, Defendant is "required to provide insureds and claimants with complete protection from economic loss for benefits provided under personal protection insurance."

9. Satisfaction of the judgment obtained by Plaintiffs will discharge Defendant(s) of their obligation to the injured party for services Plaintiffs provided to the injured party.

10. Plaintiffs as assignee of the injured party is the real party of interest and as such Plaintiffs have the right to prosecute this action against Defendant pursuant to MCL 600.2041.

## COUNT I – PIP CLAIM

11. Plaintiffs hereby restates all prior paragraphs of this Complaint.

1274.002.1172

12. The injured party sustained accidental bodily injuries arising from a motor vehicle accident within the meaning of the statutory provisions of MCL 500.3105.

13. Defendant is first in order of priority to pay for the injured party's claim for no fault personal protection insurance benefits in accordance with Chapter 31 of the Michigan Insurance Code, more commonly known as the "no-fault insurance law."

14. Defendant has become obligated to pay for certain expenses incurred for reasonably necessary products and services rendered for the injured party's care, recovery or rehabilitation as a result of the injured party's sustained accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

15. Plaintiff, Michigan CRNA's Staffing, LLC, provided reasonably necessary products, services and/or accommodations to the injured party and continues to do so, resulting in the following outstanding balances of $1,656.00. (Exhibit B).

16. Plaintiff, Detroit Anesthesia Group, PLLC provided reasonably necessary products, services and/or accommodations to the injured party and continues to do so, resulting in the following outstanding balances of $2,392.00. (Exhibit B).

17. Plaintiffs timely submitted billings to Defendant for medical services that were rendered to the injured party and that were reasonably necessary for the care, recovery or rehabilitation of the injured party for their injuries.

18. Plaintiffs also submitted to Defendant supporting medical records and all other documentation and forms necessary for Defendant to determine the reasonableness, necessity and amount of the medical services rendered to the injured party.

19. Defendant was provided reasonable proof of the fact and of the amount of losses sustained and charges incurred.

1274.002.1172

20. To date, Defendant has unreasonably refused and/or delayed in making payment to Plaintiffs for the services rendered.

21. Pursuant to MCL 500.3157, Plaintiffs are entitled to recover the outstanding balances for the medical services rendered to the injured party from Defendant.

22. Plaintiffs have requested payment from Defendant for the amount of the bills due and owing and Defendant has refused and/or neglected to pay them.

23. Plaintiffs are entitled to reasonable and actual attorney fees incurred in this action pursuant to MCL 500.3148.

24. Plaintiffs are also entitled to costs and interest pursuant to MCL 500.3142 for the overdue bills that have not been paid by Defendant within 30 days after Defendant received reasonable proof of the fact and of the amount of loss sustained.

### COUNT II- BREACH OF CONTRACT/CONTRACTUAL AND/OR STATUTORY DUTIES

25. Plaintiffs re-alleges all prior paragraphs of this Complaint.

26. Defendant's failure to pay Plaintiffs personal protection insurance benefits constitutes a material breach of contractual and/or statutory duties pursuant to the contract where the injured party is qualified as an "insured," or otherwise entitled to benefits and/or pursuant to MCL 500.3101, *et seq*.

27. As a direct and proximate cause of Defendants' breach of contractual and/or statutory duties, Plaintiffs have sustained damages.

WHEREFORE, Plaintiff, Michigan CRNA's Staffing, LLC, claims as damages against Defendant in the amount of $1,656.00, Plaintiff, Detroit Anesthesia Group, PLLC, claims as damages against Defendant in the amount of $2,392.00, plus payment for any additional services rendered during the pendency of this matter, plus costs, attorney fees and interest most wrongly

1274.002.1172

sustained.

        Respectfully submitted,
        BASHORE GREEN LAW GROUP,

        a Professional Corporation,

---

        Kevin S. Green (P67515)
        Attorneys for Plaintiffs

Dated: April 3, 2019

1274.002.1172

# Exhibit A

MICHIGAN MOTOR VEHICLE NO-FAULT INSURANCE LAW ASSIGNMENT OF BENEFITS AND LIEN FORM

I, _Trivly Dobbins_, ("Assignor"), hereby assign to Michigan CRNAS Staffing, LLC, and Detroit Anesthesia Group, PLLC, individually or collectively, ("Assignee") all rights, privileges, performance, and remedies to payment for health care services, products or accommodations ("services") provided by Assignee to Assignor to which Assignor is or may be entitled under Chapter 31 of the Insurance Code (MCL 500.3101, et seq), commonly referred to as the "No-Fault Act." Assignor understands that by signing below they are manifesting an intent to assign all rights and privileges to performance by their auto insurance carrier for payment of the healthcare provider's treatment.

This agreement is not an assignment of a right to benefits payable in the future, but an assignment of a right to benefits payable as loss accrues and with respect to services already provided; in other words, this assignment affects only those services provided presently, on the date signed, or dates of treatment prior to the execution date below.

Assignor hereby certifies that upon execution of this agreement, Assignor has incurred charges with respect to services provided by Assignee on or before the date of execution for which the rights, privileges and remedies for payment are hereby assigned.

Assignor hereby grants Assignee a lien for the full amount of the charges outstanding related to Assignor's medical treatment for Assignor's care, recovery, and/or rehabilitation having taken place prior to or on the date of execution of this assignment and lien. Assignor hereby certifies that this lien, whether alone or combined with subsequently executed liens, is the responsibility of Assignor and applies to any settlement, judgment, garnishment, arbitration award, and or insurance payment or claim regardless is such actions relate to the Assignee's outstanding amounts owed.

Assignee covenants that any resolution that Assignee is able to accomplish as a result of Assignor's assignment within will extinguish Assignor's obligations under the lien. However, such extinguishment will only occur should Assignee expressly authorize such resolution of the outstanding amounts owed by Assignor. Assignee reserves the right to pursue the full amount of the outstanding amounts owed by Assignor regardless of the source or amount of payment, unless Assignee expressly agrees to such an amount for resolution of the outstanding amounts owed by Assignor to Assignee.

Assignor hereby certifies that they have received adequate consideration from Assignee in exchange for this Assignment of Benefits and Lien. Specifically, Assignee is or has provided medical treatment for my care, recovery, and/or rehabilitation without timely payment for such services rendered. Assignee has agreed, for however long they deem appropriate of which I (Assignor) agree and understand, to abstain and/or refrain from collecting this amount owed for treatment by means of credit reporting, collections services, litigation, etc. from me personally. Assignee reserves their right to pursue payment for outstanding charges under any and all applicable statutory, contractual, and/or common law rights in the State of Michigan should this Assignment be deemed invalid, should Assignor fail to honor the agreed upon lien, or for any reason deemed just as the facts determine.

Assignor hereby certifies its understanding that while Assignee may, pursuant to this assignment, pursue payment from a person or entity other than Assignor, this agreement may be revoked by Assignee if it determines, or a determination is made pursuant to judicial proceedings, that Assignor lacks coverage or that the services subject to this assignment are not payable by any such person or entity for any reason under Chapter 31 of the Insurance Code (MCL 500.3101, et seq), any applicable policy of insurance, and/or due to any actions or conduct of Assignor.

Assignor and Assignee agree that in the event any terms or provisions of this agreement are declared invalid or unenforceable by any Court or Federal or State Government Agency having jurisdiction over the subject matter of this agreement, the remaining terms and provisions that are not affected thereby shall remain in full force and effect.

Assignor certifies that no coercion or duress were exerted upon Assignor to scribe their signature making such assignment and lien.

Dated: _7-6-18_       _[signature]_
                     Assignor's Signature

                     _Trivly Dobbins_
                     Assignor's Printed Name

                     _05-14-75_
                     Date of Birth

Dated: _____      _____
                     Witness's Signature

                     _____
                     Witness's Printed Name

Trivly Dobbins
Surgeon: Feldman Daniel
DoS: 07/06/2018
DoB: 05/14/1975
MRN: 2000738

1274.002.1172

# Exhibit B

## MICHIGAN CRNAS STAFFING LLC

# INDIVIDUAL PATIENT DETAIL REPORT

Printed on: 08/22/2018 Wednesday 10:38:12

Date From 01/01/2000 To 08/22/2018  Procedure Type System Summary

### General Information

| | | |
|---|---|---|
| Name DOBBINS, TRIVLY | Acct# 118700 | Phone 734-833-1759 | Cash Bal 0.00 |
| Title DR DS Ref | Marital Unknown SSN | Work | Ins Bal 1,656.00 |
| Address 1526 WIARD BLVD YPSILANTI, MI 48198 | | Birthday 05/14/1975 |
| Alert ROMANO LAW | | First Visit 04/20/2018 |
| Note BEVERLY SMITH 800-934-9300 X9944 | | Last Date 07/06/2018 |

### Policy Information

Financial Code AA  Ins Code GALL  Insured's Name DOBBINS, TRIVLY  Relation Self
ID No# 497803  Group Number  Phone 734-833-1759  Birthday 05/14/1975
Address 1526 WIARD BLVD  YPSILANTI, MI 48198  Participate Yes

**INS Name & Address**
GALLAGHER BASSETT (AUTO) , PO BOX 2831 , CLINTON, IA 52733    Assignment Yes

Diagnosis Information: G44.319 / M54.2 / M54.12 / V89.2XXA /

### Transactions

| Claim No | Service Date | Proc Code | DX | DR | Service Charge | Expect Ins | Pat Charge | Cash Paid | Ins Paid | Participat Adjust | Adjust | Balance Cash | Ins | RefID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24169 | 04/20/2018 | 01936 | G44.31 | DS | 855.00 | 855.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 855.00 | 80111 |
| 26556 | 07/06/2018 | 01936 | M54.12 | JB | 801.00 | 801.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 801.00 | 89631 |

Note: DX - Diagnosis
DR - Doctor

## DETROIT ANESTHESIA GROUP PLLC

# INDIVIDUAL PATIENT DETAIL REPORT

Printed on: 08/22/2018 Wednesday 10:38:25

Date From 01/01/2000 To 08/22/2018  Procedure Type System Summary

### General Information

| | | | |
|---|---|---|---|
| Name DOBBINS, TRIVLY | Acct# 71360 | Phone 734-833-1759 | Cash Bal 0.00 |
| Title    DR SR  Ref | Marital Unknown  SSN | Work | Ins Bal 2,392.00 |
| Address 1526 WIARD BLVD  YPSILANTI, MI 48198 | | | Birthday 05/14/1975 |
| Alert  DAN ROMANO | | | First Visit 04/20/2018 |
| Note  BEVERLY SMITH 800-934-9300 X9944 | | | Last Date 07/06/2018 |

### Policy Information

| | | | |
|---|---|---|---|
| Financial Code  AA   Ins Code GALL | Insured's Name DOBBINS, TRIVLY | | Relation Self |
| ID No# 497803 | Group Number | Phone 734-833-1759 | Birthday 05/14/1975 |
| Address 1526 WIARD BLVD  YPSILANTI, MI 48198 | | | Participate Yes |

INS Name & Address
GALLAGHER BASSETT (AUTO) , PO BOX 2831 , CLINTON, IA 52733                    Assignment Yes

Diagnosis Information: G44.319 / M54.2  / M54.12  / V89.2XXA /

### Transactions

| Claim No | Service Date | Proc Code | DX | DR | Service Charge | Expect Ins | Pat Charge | Cash Paid | Ins Paid | Participat Adjust | Adjust | Balance Cash | Balance Ins | RefID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12039 | 04/20/2018 | 01936 | G44.31 | SR | 1,235.00 | 1,235.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,235.00 | 38536 |
| 14194 | 07/06/2018 | 01936 | M54.12 | SR | 1,157.00 | 1,157.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,157.00 | 46802 |

Note: DX - Diagnosis
      DR - Doctor